**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| LADONTA C. WILLIAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:06-CV-193 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner LaDonta C. Williams' motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Doc. 1). The government filed a response to the motion to vacate (Doc. 8). The movant was granted leave to file a supplement to his motion to vacate (Doc. 14),[1] and the government filed a response (Doc. 15). For the reasons discussed below, the Court concludes that the grounds asserted by movant are without merit and should be dismissed without an evidentiary hearing.

**Background**.

On April 19, 2006, movant was indicted for the offense of knowingly and intentionally possessing with the intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(B). See United States v. Williams, No. 1:06-CR-74 CAS (E.D. Mo.).

Movant made an initial appearance before a United States Magistrate Judge on June 12, 2006, and the Federal Public Defender's Office was appointed to represent him. Movant was arraigned on June 14, 2006, at which time he entered a plea of not guilty. Assistant Federal Public Defender

---

[1]Movant's supplement is titled, "Movant's Motion to Enforce Plea Bargain in Light of the Government's Breach of Agreement."

Michael Skrein entered an appearance for movant on June 14, 2006. Movant waived the right to file pretrial motions.

The parties reached a written plea agreement under which movant would plead guilty and in return the government agreed not to seek any further charges against movant for any violations of federal controlled substance laws in the Eastern District of Missouri which arose out of or were related to the charged offense. (See Plea Agreement at 2, Doc. 33 in Case No. 1:06-CR-74 CAS). The parties estimated movant's Total Offense Level to be 27, and agreed to recommend a 100-month sentence in exchange for the government agreeing to refrain from filing a notice of enhancement for movant's prior felony controlled substance conviction. Id. at 8. The Plea Agreement noted that if filed, the prior conviction would enhance the statutory mandatory minimum term of imprisonment to 120 months. Id. The Plea Agreement also stated, "On the other hand, if the defendant is found to be a career offender pursuant to Section 4B1.1(b)(A), the parties estimate that the Total Offense Level is 31.

Movant pleaded guilty as charged before this Court on September 11, 2006, pursuant to the Plea Agreement. The matter was set for sentencing and a Presentence Investigation Report ("PSR") was ordered. The PSR recommended that movant's base offense level was 30 based upon at least 35 but less than 50 grams of cocaine base pursuant to United States Sentencing Guidelines Section 2D1.1(c)(5), and that he should receive a three level reduction for acceptance of responsibility under Section 3E1.1(a) and (b), for a total offense level of 27. (PSR at ¶ 25, Doc. 37 in Case No. 1:06-CR-74 CAS). Movant's criminal history was determined to be a category IV, based upon a total of seven criminal history points. (PSR at ¶ 49). Movant was considered to be a Career Offender pursuant to Section 4B1.1, however, and therefore his criminal history category was VI (id.), and his offense level

was 34 with a Total Offense Level of 31. (PSR at ¶¶ 26, 28). Based on movant's Total Offense Level and criminal history category, the guideline imprisonment range was from 188 to 235 months. (PSR at ¶ 67).

The Plea Agreement stated in part that movant was fully satisfied with the representation he received from his attorney, and that movant had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. (Plea Agreement at 4). The Plea Agreement also stated that defense counsel completely and satisfactorily explored all areas defendant had requested relative to the government's case and any defenses. (Id.). In the Plea Agreement, movant waived his right to file an appeal with respect to non-jurisdictional issues. (Id. at 3-4). Movant also waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel. (Id. at 4).

On December 11, 2006, movant appeared with his attorney and changed his plea to guilty. The Court departed downward and sentenced movant to 168 months in custody and four years supervised release. (See Judgment, Doc. 38 in Case No. 1:06-CR-74 CAS). No direct appeal was filed.

In the § 2255 motion now before the Court, movant asserts one ground. Movant makes the conclusory allegation that his counsel was ineffective, stating only: "I was not represented to my lawyer's best capabilities." In the supplement to the motion to vacate, movant asserts that the government breached the plea agreement "by sentencing movant beyond 100 months" because it had agreed "not to use [movant's prior convictions against [him] and for [movant] to be sentenced to 100 months, nothing more." (Doc. 14 at 1). Movant also asserts that his counsel was ineffective for

3

allowing the government to breach the plea agreement. Movant asks the Court for specific performance of the Plea Agreement and to be resentenced to 100 months.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Under the deficient performance inquiry of Strickland, a court considers whether counsel's performance was reasonable "under prevailing professional norms" and "considering all the circumstances." Burkhalter v. United States, 203 F.3d 1096, 1098 (8th Cir. 2000) (quoting Strickland, 466 U.S. at 688). It is presumed that counsel acted reasonably, and much deference is

4

granted to counsel's performance. Id.; see Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998).

Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Because the failure to establish prejudice can be dispositive of a case," this Court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." Apfel, 97 F.3d at 1076 (citations omitted). Further, statements which are self-serving and unsupported by evidence do not establish a basis for relief under section 2255. Id. at 1077.

The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To establish ineffective assistance of counsel, under the first prong a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. When evaluating counsel's performance, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Even if sufficient proof of the first prong exists, relief is warranted only if a movant also establishes that counsel's deficient performance prejudiced the case. Id. at 697. To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. at 59. A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

"A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

**Discussion**.

Movant's grounds are that (1) the government committed prosecutorial misconduct by breaching the Plea Agreement with respect to movant's sentence, and (2) movant's counsel was ineffective for failing to object to the government's breach of the Plea Agreement.

The record reflects that the relevant terms of paragraphs 3.B.(1) and 3.D. of the Plea Agreement between the parties provide:

> (1) **Base Offense Level:** The parties recommend that the base offense level is 30 as found in Section 2D1.1(c). The parties recommend that the quantity of cocaine base for which the defendant is responsible, including relevant conduct under U.S.S.G. 1B1.3, is at least 35 grams but less than 50 grams of a form of cocaine base known as "crack" cocaine, resulting in the recommended Base Offense Level.
>
> In the event the defendant is found to be a career offender, the parties recommend that the base offense level is 34 as found in Section 4B1.1(b)(A).
>
> * * * *
>
> D. **Estimated Total Offense Level:** Based on these recommendations, the parties estimate that the Total Offense Level is 27. The parties further agree to recommend a 100 month sentence. This joint recommendation is in exchange for the government agreeing to refrain from filing a notice of enhancement for the defendant's prior felony controlled substance conviction (Possession of a Controlled Substance in the Circuit Court of Scott County, Missouri, 05G4-CR00551-01). If filed, the prior conviction would enhance the statutory mandatory minimum term of imprisonment to 120 months.

On the other hand, if the defendant is found to be a career offender pursuant to Section 4B1.1(b)(A), the parties estimate that the Total Offense Level is 31.

Plea Agreement at 6-7, 8.

Thus, the Plea Agreement contemplated that movant's criminal history might qualify him as a career offender. The Plea Agreement also stated:

> E. **Criminal History**: The determination of the defendant's Criminal History Category shall be left to the Court after it reviews the Presentence Report. The Criminal History Category determination will be made only after the United States Probation Office obtains and evaluates the records it can find of the defendant's criminal history. Prior convictions can affect the sentence and usually result in a harsher sentence. Both parties retain their right to challenge the finding of the Presentence Report as to the defendant's criminal history and the applicable category; however, all decisions as to the appropriate Criminal History Category by the Court are final and not subject to appeal.
>
> Both parties are aware that the results of a preliminary criminal record check are available for review in the Pretrial Services Report.

Plea Agreement at 8.

The Plea Agreement made it clear that the Court would determine movant's criminal history, and was not bound by the parties' agreements: "It is understood by the parties that the Court is neither a party to nor bound by these agreements, recommendations and stipulations." Plea Agreement at 1. The Plea Agreement also provided that the parties would not request a sentence above or below the applicable guidelines range, and reiterated that the Court was not a party to and was not bound by the agreement:

> The parties further agree that neither party shall request a sentence above or below the applicable guidelines range pursuant to any chapter of the Guidelines, . . . unless that request or facts which support that request are addressed in this document or the request is made with the consent of both parties. The parties understand that the District Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

7

Plea Agreement at 3. Finally, the heading of the portion of the Plea Agreement titled "Guidelines Recommendations" stated in all capital letters "NOT BINDING ON THE COURT." Id. at 6.

**A**.

It is well established that entry of an unconditional guilty plea waives all challenges to the prosecution of a criminal case, except for those related to jurisdiction. See United States v. Winheim, 143 F.3d 1116, 1117 (8th Cir. 1998); Smith v. United States, 876 F.2d 655, 657 (8th Cir.), cert. denied, 493 U.S. 869 (1989). Collateral review of a guilty plea is therefore "ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989).

Movant's entry of a guilty plea forecloses all pre-plea non-jurisdictional attacks on his conviction, including claims of prosecutorial misconduct. See United States v. Shafer, 176 F. App'x 707, 707 (8th Cir. 2006) (citing United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001)). Movant's ground alleging prosecutorial misconduct should therefore be dismissed. The Court notes, however, that movant's assertion the prosecutor imposed sentence upon him is incorrect. The Court imposed the sentence on movant, based on the Plea Agreement, the Presentence Investigation Report prepared by the United States Probation Office, and the advisory United States Sentencing Guidelines.

**B**.

Movant also asserts a ground that his attorney was ineffective for failing to ensure that the government adhered to the plea agreement. First, movant does not argue that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Therefore,

movant's claims against counsel fail for the reason that movant has not established the prejudice prong of the Strickland test. See Hill v. Lockhart, 474 U.S. at 59.

Second, movant's assertion that the government did not honor the Plea Agreement is factually incorrect. As set forth above, the government agreed not to file a notice of enhancement under 21 U.S.C. § 851, and it did not file such a notice. The Plea Agreement included a joint sentencing recommendation of 100 months based on an estimated total offense level of 27. The estimated total offense level of 27 turned out to be inapplicable because movant's criminal history, as later determined by the Probation Office, qualified movant as a career offender. The Plea Agreement referred to the possibility that movant might be a career offender and stated that if movant were a career offender, the total offense level would be 31.

Movant was a career offender and the total offense level set forth in the Presentence Investigation Report was 31. (PSR at ¶ 67). As a result, the advisory Guidelines called for a significantly longer sentence than the parties had agreed to recommend to the Court, with a Guidelines range of 188 to 235 months.[2] (Id.). The Court ultimately imposed a sentence of 168 months, below the recommended range. Thus, movant's claim is without merit, and movant cannot demonstrate that his counsel was ineffective for failing to ensure that he was sentenced to 100 months. As a result, movant cannot establish the first prong of the Strickland test. Movant's ground of ineffective assistance of counsel should therefore be dismissed.

---

[2]The Court notes that if the government had filed a notice of enhancement under 21 U.S.C. § 851, movant's total offense level would have been 34 and the sentencing range would have been 262 to 327 months

9

**Certificate of Appealability**.

Under 28 U.S.C. § 2253, as amended by the AEDPA, "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 342 (2003) ("The question [on the certificate of appealability determination] is the debatability of the underlying constitutional claim, not the resolution of that debate.").

Upon careful review of the record, the Court finds movant has not demonstrated that reasonable jurists would (1) find the Court's assessment of the constitutional claims debatable or wrong; or (2) find it debatable whether the Court was correct in its procedural rulings, and therefore the Court does not reach the issue whether reasonable jurists would find it debatable that the petition states a valid claim of the denial of a constitutional right. See Slack, 529 U.S. at 484-85. The Court therefore concludes movant is not entitled to a certificate of appealability on his claims.

**Conclusion**.

For the foregoing reasons, the Court concludes that the instant motion under § 2255 can be determined based on the motion, files and records in the case, which conclusively show that movant LaDonta C. Williams is not entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that LaDonta C. Williams' motion under 28 U.S.C. § 2255, as supplemented, is **DENIED**. [Doc. 1, 11]

**IT IS FURTHER ORDERED** that movant has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims. See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of June, 2008.